SUAREZ, J.
 

 A.C. appeals the denial of her motion to withdraw, vacate, or set aside her consent to termination of parental rights. We affirm the trial judge’s denial of A.C.’s motion as he correctly determined that A.C. knowingly consented to the surrender of rights and that no fraud, duress, or undue influence was demonstrated.
 

 In October 2008, A.C. signed an affidavit voluntarily consenting to a surrender of her rights to her minor child. At that time, the trial judge held a hearing on the consent to terminate her rights and questioned A.C. extensively as to whether she had voluntarily signed the consent to termination and whether she understood she was giving up her parental rights and her right to trial. The trial judge cautioned her that the prospective adoptive parent was not guaranteed and that she could not withdraw her consent. A.C. acknowledged that she was not under the influence of drugs, alcohol or medication and that she understood all that was happening. The trial judge then entered a final judgment of termination of rights.
 

 A.C. then filed her motion to withdraw, vacate or set aside consent to termination
 
 *112
 
 of parental rights alleging a change in the adoptive parent and fraud, duress, and undue influence. The trial judge held an evidentiary hearing and found that no fraud, duress, or undue influence had been demonstrated and found that A.C. had knowingly consented to the termination of her rights. He denied her motion to vacate the final judgment of termination of rights.
 

 We affirm the trial judge’s denial of the motion to withdraw consent on the holding that there was no showing of fraud, duress, or undue influence. A.C. exercised her own free will, understood all of her rights and freely consented to the termination.
 
 [1]
 

 See W.T. v. Dep’t of Children and Families,
 
 846 So.2d 1278 (Fla. 5th DCA 2003) (upholding consent to termination of rights where evidence established mother was competent, understood the terms of surrender of her rights, had not been promised anything or threatened, and was advised as to future chances of keeping children which did not amount to duress).
 

 [1]
 

 . The evidentiary hearing cleared up any possible confusion as to the reference to A.C.'s other child in paragraph 8 of the affidavit of consent. The lack of a notary’s signature on the affidavit does not render the affidavit defective in light of the evidentiary hearing.
 
 See D.S. v. J.L.,
 
 18 So.3d 1103 (Fla. 1st DCA 2009).